UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHANDRA V. PHARMACEUTICAL CONSULTANTS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | No. 23 C 15958 |
| v. | ) ) | Judge Sara L. Ellis |
| BAUSCH HEALTH IRELAND LTD., et al., | ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Chandra V. Pharmaceutical Consultants, LLC ("Chandra V") sued Bausch for allegedly breaching two contracts to codevelop, obtain FDA approval for, manufacture, supply, and commercialize two generic ophthalmic drugs: Tobramycin Ophthalmic Ointment ("Tobramycin"), a generic version of the branded-product TOBREX® used to treat eye infections, and Prednisolone Acetate Ophthalmic Ointment ("Pred Acetate," together with Tobramycin, the "Drugs"), a generic version of the branded-product PRED FORTE® used for treating eye inflammation. After the Court granted in part and denied in part Bausch's motion to dismiss Chandra V's complaint, Chandra V filed an amended complaint, which Bausch answered. Now, the Court considers Bausch's motion to transfer this case to the District of New Jersey, which Bausch argues is the proper forum for this dispute. Because the Court agrees, it grants the motion.

## BACKGROUND

The Court assumes the reader's familiarity with the factual background of this case, *see* Doc. 31 at 2–4, and focuses on the facts necessary to resolve Bausch's motion.

In April 2014, Chandra V and Bausch entered a co-development, license, and distribution agreement for Tobramycin (the "Tobramycin Agreement"), and in October 2016 entered a similar co-development, license, and distribution agreement for Pred Acetate (the "Pred Acetate Agreement," together with the Tobramycin Agreement, the "Agreements"). The Agreements contain a New York choice of law provision.

Although Bausch is headquartered in New Jersey, much of the work it performed under the Agreements took place at a facility in Tampa, Florida, and by employees stationed in Rochester, New York. However, Bausch's employees in charge of making decisions for the Drugs' development worked out of the New Jersey headquarters. Chandra V is headquartered in Chicago, Illinois, which is also where its chief executive officer and sole member, Rajin Ahuja, resides.

The parties have identified several witnesses who will testify in this case. Bausch identified two current employees, Vivian Zhu and Daniel Laucik (both of whom live in New Jersey), and three former employees, Barbara Purcell (New Jersey), Beverly Bailey (New Jersey), and Brian Rohrs (New York), who will testify on matters ranging from the negotiation of the Agreements from Bausch's perspective, Bausch's research and development efforts, and communications with the FDA. Chandra V's witnesses include Mr. Ahuja (Illinois) and Dr. Nehru Gaddipati (New York), who is a third-party consultant who helped Chandra V develop the formula for Tobramycin.

## ANALYSIS

Section 1404(a) provides that the Court may transfer venue to another district "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). For the Court to transfer the case under § 1404(a), Bausch must demonstrate that "(1) venue is proper in

this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and the witnesses; and (4) transfer would serve the interest of justice." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007). Bausch bears the burden of demonstrating that transfer is "clearly more convenient." *Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986)). The transfer decision is committed to the Court's sound discretion because the "weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude." *Coffey*, 796 F.2d at 219. The parties do not dispute that venue is proper in both this district and the District of New Jersey, so the Court discusses only the two contested factors of the transfer analysis.

## I.     Convenience of the Parties and the Witnesses

In evaluating the convenience of the parties and witnesses, the Court considers (1) Chandra V's choice of forum, (2) the situs of material events, (3) the relative ease of access to proof, (4) the convenience of the parties in litigating in the respective forums, and (5) the convenience of the witnesses. *Sojka v. DirectBuy, Inc.*, No. 12 C 9809, 2014 WL 1089072, at *2 (N.D. Ill. Mar. 18, 2014).

### A.     Chandra V's Choice of Forum and Situs of Material Events

Ordinarily, "a plaintiff's choice of forum is given substantial weight when, as here, it is the plaintiff's home forum." *First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006) (citing *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982)). Although Bausch disputes that Chandra V is at home in Illinois because it is an LLC organized under Delaware law and is not registered to do business in Illinois, Chandra V's sole member resides in Chicago, Illinois, making the entity "at home" in this district. *Cf. Thomas v. Guardsmark, LLC*,

487 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."). However, the deference a court gives to plaintiff's forum choice diminishes "when the chosen forum is not the situs of material events." *Corvenga v. Spectra Med.*, No. 12 C 4846, 2012 WL 5342364, at *2 (N.D. Ill. Oct. 29, 2012). Here, the parties dispute whether the situs of material events is properly located in Illinois or New Jersey, so the Court must first perform that analysis before it can determine the proper weight to give to Chandra V's choice of forum. *See El Camino*, 447 F. Supp. 2d at 912 ("Therefore, to determine the appropriate amount of deference to be accorded plaintiff's choice of forum, the situs of material events must be determined.").

The situs of material events in a breach of contract claim is "where the business decisions causing the breach occurred." *Hyatt Corp. v. Pers. Commc'ns Indus. Ass'n*, No. 04 C 4656, 2004 WL 2931288, at *3 (N.D. Ill. Dec. 15, 2004); *see also Hinc v. Lime-O-Sol Co.*, 231 F. Supp. 2d 795, 796 (N.D. Ill. 2002). Although Chandra V points to several events relevant to the Agreements that occurred in Chicago, including contract negotiations, Chandra V's performance under the Agreements, and certain payments to Chandra V, those points are irrelevant to "where the business decisions causing the breach occurred." *Hyatt Corp.*, 2004 WL 2931288, at *3 (plaintiff's "partial performance in Chicago" did not establish "that the situs of material events occurred in Chicago," nor did its "injuries [that] were sustained in Chicago"). Chandra V's attempts to argue that Bausch's counterclaims split the situs of material events between Illinois and New Jersey are also unavailing. Although one of the alleged breaches—Chandra V's decision to not make a payment under the Pred Acetate Agreement—would have occurred in Chicago, the second alleged breach would have occurred prior to the parties ever signing the Agreements, making it irrelevant for this analysis. While these facts might somewhat dim New

Jersey's status as the situs of material events, they do not extinguish it.  Moreover, Chandra V does not point to any evidence that contradicts or diminishes Mr. Lalit's sworn declaration that the business decisions concerning Bausch's performance of the Agreements occurred at its headquarters in Bridgewater, New Jersey.

Accordingly, the Court finds that Chandra V's choice of forum is not entitled to significant weight because the situs of material events is in New Jersey.  These factors combined weigh in favor of transferring the case.

### B.   Sources of Proof

Bausch contends that relevant documents are primarily in New York and New Jersey, while Chandra V claims that they are in Illinois, New York, and Florida.  Chandra V also argues that the parties will need to inspect Bausch's facilities in Tampa, Florida as part of discovery, but that point is irrelevant because Tampa is neither in this district or the District of New Jersey. "When documents are easily transferable, access to proof is a neutral factor." *El Camino*, 447 F. Supp. 2d at 912.  "Modern technology has made it easy and cheap to transfer this kind of information between locations." *Ballotti v. Oppenheimer Funds, Inc.*, No. 10 C 50116, 2011 WL 13382871, at *4 (N.D. Ill. Feb. 23, 2011).  Because the parties' arguments focus on the location of documents, as opposed to other, less readily mobile kinds of proof that reside in either this district or the District of New Jersey, this factor is neutral.

### C.   Convenience of the Parties

In evaluating the convenience of the parties, the Court considers the parties' residences and their ability to bear the expense of litigating in each forum. *Brandon Apparel Grp., Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999).  "Transfer is not appropriate simply

to shift the inconvenience from the defendants to the plaintiff." *Ballotti*, 2011 WL 13382871, at *4.

Bausch argues that the District of New Jersey will be a more convenient forum for the parties because several Bausch-party witnesses reside in New Jersey or New York, and it will be easier for any potentially necessary Florida-based witnesses to travel to New Jersey. Chandra V does not argue that litigating this case in New Jersey will be burdensome—indeed, it entirely ignores this factor in its briefing. Accordingly, this element weighs slightly in favor of transfer. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the [plaintiff has] done here—results in waiver.").

### D. Convenience of the Witnesses

The Court lastly turns to the convenience of witnesses, "often viewed as the most important factor in the transfer balance." *Brandon Apparel Grp., Inc.*, 42 F. Supp. 2d at 834 (quoting *Rose v. Franchetti*, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989)). The Court considers not just the number of witnesses located in each forum but also the nature, quality, and importance of their testimony. *Id.* The Court gives less weight to the convenience of party witnesses, whom the Court presumes would appear voluntarily at trial in either district. *See AL & PO Corp. v. Am. Healthcare Capital, Inc.*, No. 14 C 1905, 2015 WL 738694, at *4 (N.D. Ill. Feb 19, 2015) ("[T]he convenience of witnesses who are within a party's control, such as a party's employees, is far less important than the convenience of non-party witnesses."). "In assessing this factor, courts focus on the nature and quality of the proposed testimony and its relevance to the case." *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 932 (N.D. Ill. 2017).

Bausch has identified two party witnesses and Chandra V has identified one—the Court gives little weight to their convenience in assessing this factor. *See AL & PO Corp.*, 2015 WL

738694, at *4.  The convenience of non-party witnesses, however, counsels in favor of transfer. Bausch identifies three former employees that live in New York or New Jersey who would provide important testimony in this case: Ms. Purcell, who negotiated the Agreements for Bausch; Dr. Rohrs, who managed Bausch's research and development efforts for the Drugs, and Ms. Bailey, who communicated with the FDA regarding the Drugs.  Bausch represents that these witnesses would testify as to the parties' expectations for the Agreements when they entered into them, Bausch's efforts to develop the Drugs, and its attempts to secure FDA approval to market and sell the Drugs.  All this testimony is highly relevant to Bausch's defenses against Chandra V's breach of contract claims.  While Chandra V argues that the Court should regard Bausch's former employees as Bausch-party witnesses, they do not provide any legal support for that contention—moreover, Chandra V is wrong in that assertion because former employees are not considered party witnesses.  *See Gueorguiev*, 526 F. Supp. 2d at 858–59 (acknowledging that a former employee is a non-party witness).  For its part, Chandra V identifies Dr. Gaddipati, who resides in New York, as a third-party consultant who assisted it with developing the formula for Tobramycin.  Undoubtedly, his testimony would be relevant and valuable either for Chandra V's claims against Bausch or Bausch's counterclaims against Chandra V.

In terms of burden on the non-party witnesses, litigating this case in New Jersey would be more convenient for them due to the cost of appearing in their home state (or neighboring state) than traveling to Illinois to provide testimony.  While "[o]ne non-party witness" does not suffice to warrant transfer, four non-party witnesses who live in the vicinity of the potential transferee district puts more weight on the scale in favor of transfer.  *Id.* at 859.

Considering the above, the Court finds that the convenience of the parties and witnesses favors transfer to the District of New Jersey.

## II.    Interest of Justice

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Courts consider factors such as the likelihood of a speedy trial, each court's familiarity with the applicable law, the desirability of resolving controversies in each locale, and the relationship of each community to the controversy. *Id.*; *see also Coffey*, 796 F.2d at 220.

### A.    Likelihood of a Speedy Trial

"[T]o the extent that court congestion matters, what is important is the speed with which a case can come to trial and be resolved." *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 710 (7th Cir. 2020). For the most recent period, the average time between filing and disposition of a civil case in the District of New Jersey is 7.4 months versus 5.7 months in this district; the average time from filing to trial in the District of New Jersey is 50.8 months versus 56.9 months in this district.[1] Neither pairs of figures are meaningfully different, *see Fed. Trade Comm'n v. Acquinity Interactive, LLC*, No. 13 C 5380, 2014 WL 37808, at *5 (N.D. Ill. Jan. 6, 2014) (noting that, where time-to-trial in the Northern District averaged 15.4 months longer than in transferee district, "[t]he time-to-trial figures [were] materially different, but . . . not terribly meaningful" because they "consist of averages for cases of all times and tell the reader nothing about cases of the particular type at issue" and the court estimated it would take closer to eighteen months to bring the case to trial), so the Court considers this factor neutral.

---

[1] These figures come from the website of the United States Courts detailing federal court management statistics as of December 2023. *See* https://www.uscourts.gov/sites/default/files/ fcms_na_distcomparison1231.2023.pdf.

### B.    Familiarity with Applicable Law

The Agreements state that New York law will govern any related dispute between the parties.  Because "federal judges routinely apply the law of a State other than the State in which they sit," this factor is neutral as well.  *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 67 (2013).  To the extent that Bausch argues or insinuates that the District of New Jersey has subject matter expertise because this dispute involves the pharmaceutical industry, the Court rejects the contention that a different venue would be superior due to any industry experience.  The Court likewise does not consider Chandra V's baseless aspersion that Bausch filed this motion to transfer because of their "dissatisfaction with this Court's rulings" when making this decision.  Doc. 54 at 14 n.14.

### C.    Districts' Interests in and Relationships with the Controversy

The parties disagree whether Illinois or New Jersey has a stronger interest in resolving this contract dispute.  Both parties contend that their respective state of residence has a stronger interest.  Chandra V argues that Illinois has an interest in enforcing contracts involving its citizens.  *See Secura Ins. Co. v. Great Plains Mgmt., LLC*, No. 22 C 50343, 2023 WL 2079918, at *3 (N.D. Ill. Feb. 17, 2023) ("Illinois also has an interest in enforcing and interpreting insurance contracts entered into in Illinois with Illinois citizens[.]").  Bausch contends that New Jersey has an interest in protecting companies headquartered there from potentially unfair, out-of-state juries. *Cf. Simonoff v. Kaplan, Inc.*, No. 09 C 5017, 2010 WL 1195855, at *3 (N.D. Ill. Mar. 17 2010) ("The citizens of New York have an interest in ensuring that corporations that call it home are justly tried-neither allowed to scoff at the law nor punished without cause.").  Both parties are correct that each state has an interest in resolving this case, effectively neutralizing this factor as well.  *Cf. Hyatt Corp.*, 2004 WL 2931288, at *5 ("Both Illinois and Virginia have

9

considerable interest in allowing their residents a forum in which to air their grievances concerning contracts.").

In sum, the parties agree that venue is proper both here and in the District of New Jersey, the convenience of the parties and witnesses favor transfer to the District of New Jersey, and the interests of justice are neutral. Since "no one element clearly indicate[s] that one forum would be more convenient than the other," because the totality of the factors points to New Jersey's "stronger nexus to the relevant events," the Court finds it appropriate to transfer this case to the District of New Jersey. *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 979 (7th Cir. 2010).

## CONCLUSION

The Court grants Bausch's motion to transfer this case to the District of New Jersey [46]. The Court orders the Clerk to transfer this case to the U.S. District Court for the District of New Jersey.

Dated: November 12, 2024

_____
SARA L. ELLIS
United States District Judge